FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 OCT 10 P 6: 11
CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| CRAIG COLLINS, | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. GJH-16-3188 |
| JOHN S. WOLFE, et al., | * | |
| Respondents | * | |

*****

## MEMORANDUM OPINION

Craig Collins, an inmate confined at the Eastern Correctional Institution in Westover, Maryland, seeks to attack his 2001 convictions for second degree rape and reckless endangerment. ECF No. 1. In a limited answer, respondents argue that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). ECF No. 5. Collins argues that "there are no time limits on Constitutional Rights" and reiterates his claims that he was denied a fair trial. ECF No. 11. After reviewing these papers, I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Petition is DENIED and DISMISSED.

### Procedural History

In January of 2001, after a jury trial in the Circuit Court for Anne Arundel County, Collins was convicted of attempted second degree rape and reckless endangerment. ECF No. 5-1, pp. 2-3. Collins was sentenced on February 27, 2001 to a 20 year term of confinement. *Id.*, p. 18. He did not seek further review in the Court of Special Appeals of Maryland. As such, his judgment became final for direct review purposes on March 29, 2001. *See* Md. Rule 8-202

(requiring notice of appeal to be filed within 30 days of the judgment). Collins has not sought post-conviction review. ECF No. 5-1.

On April 5, 2010, Collins filed a "letter" with the state court which caused his case to be reopened. On April 29, 2010, an Order was entered denying the "Motion/Request." *Id.*, p. 4, 21 On March 11, 2014, he filed a motion to correct an illegal sentence. *Id.*, pp. 5, 19. Collins filed a second motion[1] on April 1, 2014, and a motion to revise sentence on April 22, 2014. *Id.*, pp. 5, 22. The motions were denied on May 12, 2014. *Id.*, pp. 5, 22.

Collins filed the instant petition on September 19, 2016.[2] ECF No. 1. On December 8, 2016, pursuant to the Court's Order, respondents filed a limited answer, arguing that the petition is time-barred and should be dismissed on that basis. ECF No. 5. The Court issued an Order on July 19, 2017, granting Collins twenty-eight days from that date to file a response addressing the timeliness issue. ECF No. 9. Collins' response was received on August 24, 2017. ECF No. 11.

## Timeliness

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Collins' claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of

---

[1] The motion is not described on the docket.

[2] The Petition is undated but the envelope is post marked September 15, 2016, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

>direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.§ 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Respondents argue that the petition is time barred and should be dismissed. ECF No. 5. Collins asks that the Court consider his claims, stating his belief that there is no time limit to bringing claims which allege constitutional violations. ECF No. 11.

As noted above, Collins' convictions became final on March 29, 2001, and the statute of limitations began to run on March 30, 2001. *See* 28 U.S.C. § 2244(d)(1). The various motions Collins filed in the state courts after his convictions became final did not serve to toll the limitations period (*see* 28 U.S.C. § 2244(d)(2)), moreover, the motions were not filed until 2010,

well after the one year limitations period expired.[3]

Collins does not offer any arguments in favor of equitable tolling. ECF No. 11. The Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003)(*en banc*). Further, to be entitled to equitable tolling a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649 (internal quotation marks omitted); *see also Harris,* 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Ignorance of the law does not constitute grounds for equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004)(stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *id.* (citing cases). Moreover, Collin's lack of knowledge cannot be considered "extraordinary" or something "external" to him. *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse,* 339 F.3d at 246; *Harris,* 209 F.3d at 330. Finally, although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland,* 560 U.S. at 653 (internal citations and quotation marks omitted), the Court cannot find that Collins acted with

---

[3] Even if Collins' post judgment motions could have tolled the limitation period, the first motion as not filed until 2010, over 8 years after the deadline for filing a federal habeas petition had passed. ECF No. 5.

reasonable diligence. Collins' conviction became final on March 29, 2001, thereby triggering the limitation period. He did not file his federal Petition until September 18, 2016, over fifteen years later.

The Court concludes that Collins is not entitled to equitable tolling. Accordingly, the Petition is time-barred and is DENIED and DISMISSED.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will not issue a COA because Collins has not made the requisite showing.[4]

A separate Order follows.

October 10, 2018

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE

---

[4] Denial of a COA in the district court does not preclude Collins from requesting a COA from the United States Court of Appeals for the Fourth Circuit.